USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/7/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------X

DAVID EVAN SCHORR,

                Plaintiff,          15 Civ. 4054

  -against-                         OPINION

JORGE DOPICO, in his official capacity
as Chief Counsel of the First Judicial
Department Disciplinary Committee in
New York State; and ERNEST J. COLLAZO,
in his official capacity as Chairman of
the First Judicial Department
Disciplinary Committee in New York State,

                Defendants.

-------------------------------------------X

A P P E A R A N C E S:

    <u>Pro Se</u>

    DAVID E. SCHORR
    115 E. 87TH Street, 6A
    New York, NY 10128

    <u>Attorneys for Defendants</u>

    ERIC T. SCHNEIDERMAN
    Attorney General of the State of
      New York
    120 Broadway
    New York, NY 10271
    By:  Anthony J. Tomari, Esq.

**Sweet, D.J.**

Jorge Dopico ("Dopico"), in his official capacity as Chief Counsel of the First Judicial Department Disciplinary Committee ("DDC"), and Ernest J. Collazo ("Collazo"), in his official capacity as Chairman of the First Judicial Department Disciplinary Committee (collectively, "Defendants") have moved pursuant to Rules 12(b)(1) and (6), F. R. Civ. P. to dismiss the Second Amended Complaint ("SAC") of plaintiff David Evan Schorr ("Schorr" or the "Plaintiff"). Based on the conclusions set forth below, the motion of the Defendants is granted, and the SAC is dismissed with prejudice and costs.

Prior Proceedings

Plaintiff commenced this action by the filing of a complaint on May 27, 2015; Defendants moved to dismiss on July 17, 2015 and while that motion was pending, and without leave of court, Plaintiff filed an Amended Complaint on August 4, 2015. The Amended Complaint was dismissed on March 15, 2016. The Plaintiff filed the SAC on March 23, 2016. The instant motion was taken on submission and marked fully submitted on June 2, 2016.

1

The SAC

The SAC makes the following allegations:

Plaintiff is a United States citizen and a resident of New York. He is an attorney who has been admitted to practice law in this state since 2000. SAC ¶ 6.

Dopico is the Chief Counsel and Collazo, the "Chairman" of DDC. SAC ¶ 7. "[I]n their official capacities, they are charged with overseeing the administration and operation of [DDC]." *Id.* "They have the power and authority to prevent and enjoin improper disciplinary proceedings . . . ." *Id.* Further, "[i]n all their actions and omissions alleged herein, [Defendants] acted under color of state law." *Id.*

On October 9, 2013, Plaintiff was a party in a matrimonial action. In connection with that action, Plaintiff attended a conference in New York State Supreme Court (New York County) before the Honorable Deborah A. Kaplan ("Justice Kaplan"). SAC ¶ 8. Plaintiff allegedly recorded, aurally, the conference on his iPhone. *Id.* Based on the events so recorded,

Plaintiff commenced an action in the Court of Claims, in which he deposed Justice Kaplan. *Id.*

The Plaintiff compelled the deposition of Justice Kaplan and her subsequent recusal as the Justice of his underlying matrimonial action. The New York State Office of Court Administration ("OCA") and Chief Administrative Judge Gail Prudenti ("Judge Prudenti") allegedly retaliated against Plaintiff for: (i) "stating truthfully that [Justice Kaplan] gave false testimony under oath"; (ii) "stating truthfully that [Justice Kaplan] had attempted to orchestrate Plaintiff's false arrest"; (iii) initiating the Court of Claims action; (iv) deposing Justice Kaplan in the Court of Claims; and (v) causing Justice Kaplan to recuse herself from Plaintiff's matrimonial action. SAC ¶¶ 8-9.

By letter dated November 13, 2014, Dopico informed Plaintiff that the First Judicial Department DDC had started an investigation of Plaintiff for alleged misconduct. SAC ¶ 12. The allegations of attorney misconduct include: (i) accusing Justice Kaplan of giving false testimony under oath; (ii) accusing Justice Kaplan of attempting to orchestrate Plaintiff's arrest; and (iii) surreptitiously recording the conference in the matrimonial proceeding on October 9, 2013. SAC ¶¶ 11, 16. In

response to these alleged instances of misconduct, Plaintiff filed a twenty (20) page response. SAC ¶ 15.

By letter dated April 17, 2015, the DDC issued a private admonition to Plaintiff, based upon its conclusion that Plaintiff violated 22 NYCRR 29.1 by recording the October 9, 2013 conference without prior authorization. SAC ¶ 17. The DDC's letter of April 17, 2015 further provided that Plaintiff had the right to request reconsideration or the institution of formal proceedings within thirty (30) days. SAC ¶ 21. Plaintiff rejected the Private Admonition and requested the institution of formal proceedings against him. SAC ¶ 22.

"The Disciplinary Committee's Principal Staff Attorney, Kevin Doyle, informed Plaintiff via e-mail (dated May 14, 2015), that '[g]iven your rejection of the admonition and your request for a formal proceeding, the Committee has re-opened the investigation.'" SAC ¶ 23. In the same e-mail, the DDC requested that Plaintiff be examined under oath as part of its re-opened investigation. SAC ¶ 24. Doyle offered to issue a subpoena to compel Plaintiff's attendance at his deposition, if he so required and warned that he would move to suspend Plaintiff from the practice of law should he fail to cooperate with the Committee.

Plaintiff alleges that by continuing the investigation of Plaintiff's conduct Defendants are retaliating against Plaintiff, and in so doing are violating his rights under the Fifth and Fourteenth Amendments. SAC ¶¶ 27-38. The charge that Plaintiff introduced a recording system into the matrimonial proceeding on October 9, 2013 "is false" and that "bringing such charge is unlawfully retaliatory and violate[s] Plaintiff's rights under the Fifth and Fourteenth Amendments." SAC ¶¶ 39-42.

The SAC seeks: (i) a declaration that any attempt by the DDC to "reopen" its investigation into Plaintiff's conduct, is "unlawful" (SAC ¶¶ 27-38); (ii) a declaration that any "formal charge" by DDC against Plaintiff for "covertly introducing a private recording system" into a courtroom, would be "unlawful" (SAC ¶¶ 39-42); (iii) a declaration that a formal charge by DDC against Plaintiff for violating 22 NYCRR § 29.1 would be "unlawful"; (SAC ¶¶ 43-47); and (iv) a declaration that unless DDC brings formal charges against Plaintiff "forthwith", it would be unlawful for DDC "not to dismiss formally all allegations in its vacated Private Admonition". (Second Amended Complaint ¶¶ 48-51).

The Applicable Standard

On a motion to dismiss pursuant to Rule 12(b), all factual allegations in the complaint are accepted as true, and all inferences are drawn in favor of the pleader. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted).

Additionally, while "a plaintiff may plead facts alleged upon information and belief 'where the belief is based on factual information that makes the inference of culpability plausible,' such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" *Munoz-Nagel v. Guess, Inc.*, No. 12-1312, 2013 WL 1809772, *3 (S.D.N.Y. Apr. 30,

2013) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)); *Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006); *Williams v. Calderoni*, No. 11-3020, 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012)). The pleadings, however, "must contain something more than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (citation and internal quotation omitted).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that complaints must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R Civ. P. Rule 8(a)(2). Under Rule 12(b)(1), the Court must accept as true all material factual allegations in the complaint but shall not draw inferences favorable to the party asserting jurisdiction. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998); *Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd.*, 968 F.2d 196, 198 (2d Cir. 1992). While allegations in a complaint are deemed to be true for the purposes of a motion to dismiss, this Court need not credit such allegations where they are wholly conclusory or rely on unreasonable inferences and unwarranted deductions. See, *Furlong v. Long Island Coll. Hosp.*, 710 F.2d 922, 927 (2d Cir. 1983)

(Federal Rules do "not permit conclusory statements to substitute for minimally sufficient factual allegations").

Younger Abstention Bars this Action

The Second Circuit has found that *Younger* abstention is mandatory when: (i) there is a pending state proceeding; (ii) that implicates an important state interest; and (iii) the state proceeding affords plaintiff an adequate opportunity for judicial review of his constitutional claims. *Spargo v. N.Y. State Comm'n Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003); *Graham v. N.Y. Center for Interpersonal Dev.*, 2015 U.S. Dist LEXIS 30598 at *4-5 (E.D.N.Y. March 12, 2015) ("Federal courts ordinarily must abstain from exercising jurisdiction over constitutional claims seeking declaratory or injunctive relief when there is an on-going state proceeding, an important state interest is implicated, and the plaintiff has an avenue open for review of the constitutional claims in state court."); *Sobel v. Prudenti*, 25 F.Supp.3d 340, 354 (E.D.N.Y. 2014) ("To the extent Plaintiff seeks injunctive relief pertaining to the Pending State Court Action, the *Younger* abstention doctrine and its progeny prohibit [a federal] Court from exercising jurisdiction....").

8

Disciplinary proceedings against attorneys fall within the category of proceedings to which *Younger* applies. *Wilson v. Emond*, 373 Fed. App'x 98 (2d Cir. 2010); *Mason v. Dept. Disciplinary Comm.*, 894 F.2d 512, 513 (2d Cir. 1990).

There are two "tightly defined exceptions to the *Younger* abstention doctrine: the bad faith exception and the extraordinary circumstances exception". *Jackson Hewitt, Inc. v. Kirkland*, 455 Fed. App'x 16, 18 (2d Cir. 2012) (citing *Younger v. Harris*, 401 U.S. 37, 197-98 (1971)). To establish the bad faith exception to *Younger*, a plaintiff must show that the party bringing the state action "has no reasonable expectation of obtaining a favorable outcome," but rather brought the proceeding due to a "retaliatory, harassing, or other illegitimate motive". *Jackson Hewitt*, supra at 18 (citing *Cullen v. Fliegner*, 18 F. 3d 96, 103 (2d Cir. 1994)); *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 197 (2d Cir. 2002). Moreover, "[a] state proceeding that is legitimate in its purposes, but unconstitutional in its execution - even when the violations of constitutional rights are egregious - will not warrant the application of the bad faith exception". *Demartino v. New York State Dep't of Labor*, 2016 U.S. Dist. LEXIS 26354 at \*26 (E.D.N.Y. March 1, 2016). Although the Plaintiff claims the bad faith exception applies in this instance, it does not.

9

Plaintiff's allegations of bad faith are conclusory. For example, Plaintiff asserts: "... there can be no question that DDC "reopened" [its] completed investigation solely in retaliation for Plaintiff exercising his legal and constitutional right to reject the private Admonition" (see "Memorandum of Law/Affidavit in Opposition" at 2) and "Solely as a result of Plaintiff exercising [the right to reject DDC's private Admonition] the Committee-rather than bring formal charges ... instead unlawfully retaliated by 're-opening' its completed investigation." See "Memorandum of Law/Affidavit in Opposition" at 3. The only remaining instances of bad faith cited by Plaintiff are the alleged violations of New York Code of Rules and Regulations ("NYRRC") cited by Plaintiff. As this Court already noted when considering Plaintiff's allegations in the March 15, 2016 opinion, "Without specific and plausible allegations supporting the Complaint's allegation of bad faith, the case is subject to *Younger* abstention." March 15 Opinion at 12; *Astoria General Contracting Corp. v. New York City Comptroller*, 15 Civ. 1782 (NRB), 2016 WL 369237, at *9 (S.D.N.Y. January 27, 2016) ("With respect to the 'bad-faith exception', the federal court's inquiry is centered on 'the subjective motivation of the state authority in bringing the proceeding': plaintiffs invoking the exception 'must show that the state

proceeding was initiated with and is animated by a retaliatory, harassing or other illegitimate motive.'")

The Plaintiff could seek to vindicate any injury arising out of the disciplinary proceeding or reopened investigation by commencing an Article 78 proceeding under New York state law. Where such state remedies are available, a federal court should assume that state procedures are adequate to provide a remedy to Plaintiff for any perceived bias, and thus abstain from exercising jurisdiction under *Younger*. March 15 Opinion at 13; *Astoria General v. New York City Comptroller*, supra. 2016 WL 369237, at *8 ("An Article 78 proceeding constitutes an aggrieved party's method of reviewing [an] order. . . . For *Younger* purposes, the State's trials and appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in mid-process would demonstrate a lack of respect of the State as Soverign.").

In order to establish the "bad-faith" exception to the *Younger* abstention doctrine, Plaintiff must demonstrate that "the party bringing the action must have no reasonable expectation of obtaining a favorable outcome". *Cullen v. Fliegner*, 18 F.3d 96, 103 (2d Cir. 1994); *Demartino v. New York State Dep't of Labor*, supra, 2016 U.S. Dist LEXIS 26354 at *26.

11

As this Court has already noted regarding any formal charges brought by DDC against Plaintiff for surreptitiously recording a settlement conference: "because Schorr acknowledges that he recorded a court proceeding without permission and 22 NYCRR 29.1 forbids any such recording within a New York State courthouse, it cannot be said that the Disciplinary Committee action against him has no reasonable expectation of success." March 15 Opinion at 12-13. Nothing has changed between this Court's Order of March 15, 2016 dismissing this case and the filing of the Second Amended Complaint to change this conclusion. Plaintiff has failed to adequately plead the bad faith exception to the *Younger* abstention doctrine and this action is barred.

The § 1983 Claim is Dismissed

Plaintiff's § 1983 claims against the Defendants are defective because neither Dopico nor Collazo acting in their official capacities or are "persons" subject to suit under the statute. See *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under 1983"). New York District Courts have uniformly dismissed § 1983 claims asserted against officials of the Unified Court System, such as judges or clerks acting in their respective official capacities, on these

grounds. See, e.g., *Concey v. N .Y. State Unified Court System*, No. 08 Civ. 8858(PGG), 2011 WL 4549386, at *7 (S.D.N.Y. Sept. 30, 2011); see also *Nollet v. Justices of Trial Court of Commonwealth of Mass.*, 83 F.Supp.2d 204, 211 (D. Mass. 2000), *aff'd*, 248 F.3d 1127 (1st Cir. 2000) (an "action taken by a state court judge solely in his/her adjudicatory role does not constitute state action" for purposes of § 1983). The SAC contains no allegation that any of the individual named defendants were acting in anything other than their professional capacities. SAC ¶ 7.

In addition, to state a claim for relief under § 1983 a plaintiff must establish that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Section 1983 "merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994). The complaint is bare of sufficient allegations that the Defendants violated Plaintiff's rights. Plaintiff does not allege any actual acts taken by the Defendants that rise to meet the standards for stating a claim under the First, Fifth and Fourteenth Amendments.

Further, Plaintiff fails to allege, or properly plead, any personal involvement by the Defendants in the alleged wrongful acts. See, e.g., *Rosa R. v. Connelly*, 889 F.2d 435, 437 (2d Cir. 1989) (absent allegations that state official was directly and personally responsible for the purported unlawful conduct, § 1983 claim did not lie); *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987) (complaint dismissed where it was devoid of allegations that named defendants were directly and personally responsible for the purported unlawful conduct); *Brewer v. Village of Old Field*, 311 F.Supp.2d 390 (E.D.N.Y. 2004).

The allegation here is that the Plaintiff is the victim of retaliatory conduct based on his unsupported conclusion that the Defendants are acting at the behest of the retired Judge Prudenti for seeking Justice Kaplan's recusal and for taking her deposition in his Court of Claims Action. SAC ¶¶ 23, 29, 33, 36, 37, 50. However, there is no factual allegation showing that Judge Prudenti had any knowledge or involvement concerning the underlying matrimonial action, or the Court of Claims action.

Therefore, the motion to dismiss the § 1983 action is granted for failure to state a claim.

Conclusion

Based on the conclusions set forth above, the motion of the Defendants is granted, the SAC is dismissed with prejudice, and costs are granted to the Defendants.

It is so ordered.

New York, NY
September 7, 2016

_____
ROBERT W. SWEET
U.S.D.J.